**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

      **v.**                                                           **05-MJ-40-HKS**

**OTISHA T. WILLIAMS,**

                **Defendant.**

_____

## DECISION AND ORDER

In accordance with Title 28, United States Code, Section 636(a)(5), the undersigned had the power to enter the sentence in this matter insofar as the defendant plead guilty to a Class A misdemeanor and the parties consented to proceed before a United States Magistrate Judge. Dkt. ##17 and 18.

The former defendant, Otisha T. Williams, appearing *pro se*, has filed a motion for expungement of her criminal record. Ms. Williams asserts that she is fully rehabilitated and although she does not elaborate, she suggests that her misdemeanor conviction in this case, for possession of a controlled substance, makes it so difficult for her to pursue career opportunities that her conviction should be expunged from her record.

As a preliminary matter, whether the Court has subject matter jurisdiction to expunge the record of a valid criminal conviction for equitable hardship is a substantial question. The Court need not address the question in detail because, on

the facts before the Court, even if the Court has subject matter jurisdiction to entertain Ms. Williams' motion, her hardships are among the usual harsh consequences of a conviction and could not justify the extraordinary relief of judicial expungement that she seeks. For this reason, and for all the reasons that follow, Ms. Williams' motion for expungement is denied.

## BACKGROUND

On July 13, 2005, Ms. Williams consented to proceed before the undersigned (Dkt. #17) and pled guilty to a Misdemeanor Information (Dkt. #15) charging her with one count of possession of marijuana in violation of Title 18, United States Code, Section 844(a). Dkt. #18. Thereafter, Ms. Williams was sentenced by the undersigned to a twenty-four month term of probation, a fine of $1,000 and ordered to pay a $25 special penalty assessment.

On July 11, 2012, Ms. Williams filed the instant *pro se* motion for judicial expungement of her criminal record on the ground that her record makes it very difficult for her to pursue career opportunities. Ms. Williams asserts that she is fully rehabilitated and in support of the instant motion, submits documents reflecting that she is currently enrolled as a student at ITT Technical Institute. Based upon the motion filed by Ms. Williams, it appears that she has rehabilitated herself completely.

**DISCUSSION**

There is a substantial question whether the Court has ancillary jurisdiction or inherent power to expunge a valid judicial record of a conviction. Federal courts are courts of limited jurisdiction that "possess only that power authorized by Constitution and statute, which is not to be expanded upon by judicial decree." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994). With the exception of certain very narrow areas, a federal court has no common-law power that has not been conferred by an express congressional grant of authority, see Northwest Airlines, Inc. v. Transportation Workers Union, 451 U.S. 77, 95-96 (1981), and has no power to grant relief except to adjudicate a right created by Congress, Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001), or by the U.S. Constitution, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 392-394 (1971).

This Court has no explicit Congressionally-granted statutory power or explicit Constitutional power to expunge a valid criminal record like Ms. Williams'. In 1977, the Second Circuit Court of Appeals held that federal courts do have limited equitable power ancillary to their jurisdiction over a criminal case to consider expunging an arrest record. U.S. v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977). The Second Circuit stressed in Schnitzer that "courts must be cognizant that the power to expunge is a narrow one, and . . . should be reserved for the unusual or extreme case." 567 F.2d at 539 (quotation and citations omitted). Even the viability of the Second Circuit's finding in Schnitzer that courts have jurisdiction to expunge arrest records is subject to question because of the U.S. Supreme Court's later decision in Kokkonen v. Guardian

Life Insurance Co. of America, 511 U.S. 375 (1994), which emphasizes the very limited nature of federal courts' ancillary jurisdiction.  Other Courts of Appeals, including those in the First, Third, Sixth, Eighth, and Ninth Circuits, have ruled since Kokkonen was decided that federal courts do not have authority to expunge criminal records.  See United States v. Coloian, 480 F.3d 47 (1st Cir. 2007), United States v. Dunegan, 251 F.3d 477 (3d Cir. 2001), United States v. Lucido, 612 F.3d 871 (6th Cir. 2010), United States v. Meyer, 439 F.3d 855 (8th Cir. 2006), United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000).  The Second Circuit has not addressed the courts' authority to expunge criminal records since deciding Schnitzer.  But see Garcia v. Teitler, 443 F.3d 202, 207 (2d Cir. 2006) (citing Schnitzer as an example of an exercise of ancillary jurisdiction in criminal cases).

Despite the substantial question concerning the Court's subject matter jurisdiction, the Court finds that a response from the United States to Ms. Williams' motion to expunge her criminal record is not necessary at this time.  Although she offers little explanation, Ms. Williams suggests that the hardships attributable to her conviction, primarily her inability to pursue career opportunities, is a routine collateral consequence of a criminal conviction and is not the kind of unusual and extraordinary hardship that could justify the exercise of equitable jurisdiction to expunge the judicial record of the conviction.  See e.g., United States v. James, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996)(the potential adverse effect on [] future employment provides insufficient justification, *per se,* for the expungement of [an] arrest record.")

This Court is not unsympathetic to defendant Williams' hardships. But whatever equitable jurisdiction the Court may possess to address her hardships is strictly limited and the defendant's hardships, though real, are not enough to trigger an exercise of that jurisdiction. The Court acknowledges, however, that Ms. Williams seems to have paid her debt to society.

## CONCLUSION

For all of the foregoing reasons, the July 11, 2012 motion of Otisha T. Williams to expunge her criminal record is denied.

DATED:  Buffalo, New York
        September 5, 2012

                                *s/ H. Kenneth Schroeder, Jr.*
                                **H. KENNETH SCHROEDER, JR.**
                                **United States Magistrate Judge**